IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

PHILLIP BARNES                          )
      Plaintiff,                      )
                                        )
v.                                      )      Civil Action No. TMD 11-03496
                                        )
                                        )
CAROLYN COLVIN,[1]                      )
Commissioner of Social Security,        )
                                        )
      Defendant.                      )


MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>

Phillip Barnes ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 13) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 25). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's Motion for Remand is GRANTED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I. Procedural History

Plaintiff protectively filed his applications on April 14, 2008 alleging disability since November 28, 2007. R. at 11, 86-88, 89-90, 127, 130. His claims were denied initially and on reconsideration. R. at 52-54, 58-59, 60-61. On June 28, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 23-45. Plaintiff was accompanied by a non-attorney representative. In a decision September 21, 2010 the ALJ denied Plaintiff's request for benefits. R. at 8-20. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-4.

II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: status post multiple gunshot wounds with subsequent surgeries, chronic back and leg pain and depression. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is unable to perform his past relevant work. At step five, the ALJ concluded that, given his residual functional capacity ("RFC"), Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 8-20.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff argues that the ALJ (1) erroneously assessed his RFC; (2) erroneously relied upon the testimony of the VE; and (3) failed to properly develop the record.

    A.    RFC

Plaintiff argues that the ALJ erred in formulating his RFC. He asserts that the ALJ failed to identify any evidence which would support the following physical RFC findings:

    (1) That his RFC was diminished by a preclusion from concentrated exposure to

3

excessive vibration, humidity and wetness, and exposure to excessive dusts, fumes and chemicals

(2) That he was precluded from the use of push/pull controls with the legs as well as lifting and carrying above shoulder height;

(3) That he was capable of walking or standing for a total of four hours in an eight-hour workday and required to sit/stand option at 30 minute intervals; and

(4) That Claimant had no left hand use for fine fingering and feeling and reaching or handling.

R. at 16-17.

Plaintiff notes that these findings above were not included in the opinions of the State Agency physicians who evaluated Claimant. R. at 560-67, 601-08. The Commissioner argues that the ALJ's findings are more restrictive and therefore there is no harm. However, while the ALJ provides a general summary of the evidence in the record, the Court is simply unable to discern precisely on what evidence he did, in fact, base his physical RFC findings. Notably, the ALJ indicated that Claimant had improved and completed physical therapy. R. at 17. However, this statement was incorrect as the record actually shows that Claimant was discharged from therapy in August 2008 with a notation indicating "no significant change from initial evaluation." .[2] It was also noted that, upon discharge, Claimant still had "much difficulty [with] hip abduction in supine. Note very guarded with balance activities on foam . . . " R. at 583. Accordingly, the Court agrees

---

[2] Because the Court finds that the RFC is not supported by substantial evidence, the Court notes that any hypothetical based on it would also fail. The Court need not address Plaintiff's argument that the ALJ failed to

with Plaintiff that the ALJ somehow inferred that Plaintiff successfully completed his physical therapy and used this as a basis for his RFC findings. The record simply does not support this. R. at 17.

V. Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED. A separate order shall issue.

Date: May 29, 2012            _____/s/_____
                              THOMAS M. DIGIROLAMO
                              United States Magistrate Judge

---

fully develop the record as the Court remands the matter for detailed findings regarding Claimant's RFC.